**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DR. BRYAN J. DREW,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. ______________** |
| | § | |
| **PATHWAY VET ALLIANCE, LLC** | § | |
| **d/b/a THRIVE PET HEALTHCARE,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** DR. BRYAN J. DREW, hereinafter called "Plaintiff" or "Dr. Drew", complaining of and about Pathway Vet Alliance, LLC d/b/a Thrive Pet Healthcare, hereinafter called "Defendant" or "Pathway", and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff Dr. Bryan J. Drew is a citizen of the United States and the State of Texas and resides in Hamilton County, Texas.

2. Defendant, Pathway Vet Alliance, LLC d/b/a Thrive Pet Healthcare, a Texas Corporation, may be served pursuant to the Federal Rules of Civil Procedure by serving (1) the President and Director, Jasen Trautwein, at 800 W. Cesar Chavez St., B-100, Austin, Texas 78701, and further serving (2) its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

**JURISDICTION**

3. The subject matter in controversy is within the jurisdictional limits of this court.

4. This court has jurisdiction over the parties because the acts giving rise to this lawsuit occurred in Texas.

5. Venue in the Northern District of Texas, Fort Worth Division, is proper in this cause as Plaintiff worked for Defendant's veterinary clinic located in Dublin, Erath County, Texas.

## NATURE OF ACTION

6. This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et. seq., as amended by the Civil Rights Act of 1991 and Chapter 21 of the Texas Labor Code, Section 21.001 et. seq., as amended, to correct unlawful employment practices on the basis of age. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission, which was automatically cross-filed with the Texas Commission on Human Rights – Civil Division, within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

8. Plaintiff, Dr. Drew, was employed by Defendant, Pathway from September 1, 2019, through August 5, 2021, as an Associate Veterinarian at Pathway's veterinarian hospital in Dublin, Texas.

9. Dr. Drew and Pathway agreed to a one-year contract at the time of his hire and he and Pathway agreed to subsequent amended contracts wherein Dr. Drew's compensation was increased. Dr. Drew and Pathway also agreed to a "Veterinary Incentive Plan Award Agreement."

10. Dr. Drew's work history with Pathway was exemplary. There were no issues relayed to Dr. Drew regarding his performance, he received no warnings, and he was not disciplined regarding any transgression or violation of company policy. In fact, although Dr. Drew's contract called for reviews, and Dr. Drew requested those reviews, he never received one during his tenure.

11. The latest employment contract between Dr. Drew and Pathway expired September 1, 2021, and the contract required a sixty-day notice period if Pathway did not intend to renew Dr. Drew's contract for another one-year term. Dr. Drew received no notice on or before July 1, 2021, of Pathway's intention to not renew his contract.

12. In July, 2021, and August, 2021, Pathway hired new veterinarians in their mid-20's, and just out of veterinary school, with a skill level at about 40% of Dr. Drew's. Dr. Drew went on a farm run for Pathway on Saturday, July 17, 2021, and Dr. Cochram, who worked at a different Pathway clinic since her hiring in July, 2021, joined him. Dr. Drew never worked with Dr. Cochram other than that farm run.

13. After Saturday, July 17, 2021, Dr. Drew went on vacation.

14. Dr. Drew returned to work on August 5, 2021. Dr. Cochram and two other new young veterinarians, Dr. Bone and Dr. Cooper, were at the Dublin clinic for the first time on that date.

15. Dr. Drew was terminated by Pathway that same day, August 5, 2021, and was replaced at the Dublin clinic by the other young doctors in their twenties.

16. Post-termination, Pathway claimed that Dr. Drew had worked with Dr. Cochram and Dr. Bone for several months, which was not true as Dr. Drew only worked with Dr. Cochram on the

one farm run prior to the date of his termination and met Dr. Bone on the date of Dr. Drew's termination, August 5, 2021.

17. Further, post-termination, Pathway, for the first time, claimed that Dr. Drew had been coached regarding his demeanor with the other veterinarians and employees and claimed Dr. Drew had been observed speaking poorly of Pathway. As stated above herein, Dr. Drew received no warnings, and he was not disciplined, coached, and/or counseled regarding any transgressions or violations of company policy.

18. Also, post-termination, Pathway claimed Dr. Drew cornered Dr. Cochram and yelled at her about her decision to join the practice, and was aggressive and intimidating with Dr. Cochram. Again, Dr. Drew only worked with Dr. Cohram on one farm run prior to termination, was then on vacation for 2 ½ weeks, and was terminated on the date he returned. No such incident took place, and no such incident could have taken place.

19. The true reason Pathway terminated Dr. Drew was based on Dr. Drew's age.

20. Pathway, by way of defense, has made inflammatory and defamatory allegations against Dr. Drew, in bad faith, with no truth in basis and/or fact.

21. Dr. Drew signed a Non-Compete covenant wherein he agreed to not work within 25-mile radius of the Dublin clinic for a period of two years after the termination of the contract or employment relationship (in this case, until August 5, 2023), and has lost considerable income because of Pathway's unlawful actions.

## AGE DISCRIMINATION

22. Defendant, Pathway Vet Alliance, LLC, intentionally engaged in unlawful employment practices involving Plaintiff because of his age. At all material times Plaintiff was 40 years of age or older.

23. Defendant, Pathway, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age in violation of the Age Discrimination in Employment Act.

24. Plaintiff alleges that Defendant, Pathway, willfully violated the protected rights of Plaintiff because of his age.

**DAMAGES**

25. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. At least $500,000.00;

b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

f. Inconvenience;

g. Interest;

h. Loss of earnings in the past;

i. Loss of earning capacity which will, in all probability, be incurred in the

future; and

j. Loss of benefits.

## EXEMPLARY DAMAGES

26. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully. In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for liquidated damages of at least $500,000.00.

## SPECIFIC RELIEF

27. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a. Rehire Plaintiff; and

b. Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dr. Bryan J. Drew, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF DAVID BELL, P.C.

By: ______/s/ David Bell______________________

David Bell
Texas Bar No. 02075500
8350 Meadow Road, Suite 186
Dallas, Texas 75231
Tel. (214)368-3191
Fax. (214)987-3169
Attorney for Plaintiff
Dr. Bryan J. Drew